ACCEPTED
15-25-00023-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/11/2025 4:08 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-25-00023-CV

**IN THE FIFTEENTH COURT OF APPEALS**
**AUSTIN, TEXAS**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/11/2025 4:08:43 PM
CHRISTOPHER A. PRINE
Clerk

*State of Texas*,

**Appellant,**

**v.**

*Nonparty Patient No. 1, Nonparty Patient No. 2, Nonparty Patient No. 3, Nonparty Patient No. 4, Nonparty Patient No. 5, Nonparty Patient No. 6, Nonparty Patient No. 7, Nonparty Patient No. 8, Nonparty Patient No. 9, Nonparty Patient No. 10, and Nonparty Patient No. 11*,

**Appellees.**

On Appeal from the 95th Judicial District Court, Dallas County, Texas
Cause No. DC-25-01823, The Honorable Monica McCoy Purdy presiding

**NONPARTY PATIENTS' EMERGENCY MOTION TO STAY**
**DISCOVERY PENDING INTERLOCUTORY APPEAL**

Jervonne D. Newsome (Lead Counsel)
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
Texas Bar No. 24126931
tdnguyen@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
Texas Bar No. 24116670
edlewis@winston.com
Olivia A. Wogon
Texas Bar No. 24137299
oawogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

1

## I.   SUMMARY OF THE MOTION

The Appellees ("Nonparty Patients") respectfully move the Court to maintain the status quo during the pendency this appeal. Specifically, the Nonparty Patients ask that the Court stay any discovery obligations under the subpoenas served by State of Texas on Children's Health System of Texas ("Children's") and the University of Texas Southwestern Medical Center ("UT Southwestern") (collectively, the "Subpoenas").[1]

In the proceedings below, the State served the Subpoenas in Dallas County. The Subpoenas improperly demand that Children's and UT Southwestern produce all the Nonparty Patients' private medical records. In turn, the Nonparty Patients invoked Tex. R. Civ. P. 176.6(e); cited their privileges under Tex. R. Evid. 509 and Tex. R. Evid. 510; and sought a protective order in Dallas County.

During a hearing, before the Dallas County Court could rule on the Nonparty Patients' requests for protection, it first determined that it had jurisdiction over the Nonparty Patients' action. The State then filed notice of this interlocutory appeal mid hearing—before the Dallas County Court could reach the merits of the Nonparty Patients' request for protection, including their assertions of privileges against disclosing private medical records sought in the Subpoenas.

---

[1] Pursuant to the Collin County District Court's Protective Order § III(F), the Nonparty Patients have filed this Motion using a generic reference to avoid disclosing their identities as patients related to that litigation. Consistent with the Protective Order, the Nonparty Patients may be identified in camera or as otherwise ordered by the Court.

Since filing its notice interlocutory appeal, the State has insisted that Children's and UT Southwestern must begin producing materials responsive to the Subpoenas. That insistence is improper. The State's position eviscerates both the Nonparty Patients' procedural rights under Tex. R. Civ. P. 176(e) to be heard where the subpoenas were served and their substantive rights under Tex. R. Evid. 509 and 510 to withhold, or limit access to, their private health information.

The Nonparty Patients accordingly request an order from this Court that maintains the status quo and ensures that the automatic stay trigged by the State's interlocutory appeal does not have the unintended effect of substantively denying the Nonparty Patients' relief sought below.

## II. BASES FOR RELIEF

Pursuant to Tex. R. App. P. Rule 29.3, "[w]hen an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal." Likewise, Tex. R. App. P. Rule 52.10 provides for "a motion to stay any underlying proceedings or for any other temporary relief." These rules offer "a way to 'preserve the status quo' while the appeal proceeds." *In re State*, 2024 WL 2983176, at *2 (Tex. June 14, 2024). These rules, and their purposes, support the Nonparty Patients' Motion.

### III. THE PROCEEDINGS BELOW

The only substantive issues pending below are the Nonparty Patients' requests for protection from the State's Subpoenas to Children's and UT Southwestern. App. A (2d Am. Pet.). The Subpoenas arise from the State's civil lawsuit against Dr. May C. Lau in Collin County's 493rd Judicial District, Cause No. 493-07677-2024, alleging, *inter alia*, violations of SB14 and deceptive billing practices. The Nonparty Patients are not parties to that lawsuit. The State's Subpoenas target the Nonparty Patients' medical records under color of that lawsuit, but the Subpoenas' requests are not tailored to the underlying dispute in any meaningful way. Instead, the Subpoenas request *all* the Nonparty Patients' medical records for at least the past four years, for *all* providers (not just Dr. Lau) at two of the largest hospital systems in Texas. App. B (Children's Subpoena); App. C (UT Southwestern Subpoena).

The Subpoenas are thus overly broad and facially demand the production of materials privileged under Tex. R. Evid. 509 and Tex. R. Evid 510—without focusing on any condition that is a fact of consequence in the Collin County lawsuit, as required under the litigation exceptions to those privileges. *See, e.g.*, App. B at 6 ("1. Produce documents relating to the care and treatment of [redacted] (DOB: [redacted]), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the

4

present."); App. C at 6; *see also R.K. v. Ramirez*, 887 S.W.2d 836, 843 (Tex. 1994) ("To summarize, the exceptions to the medical and mental health privileges apply when (1) the records sought to be discovered are relevant to the condition at issue, and (2) the condition is relied upon as a part of a party's claim or defense, meaning that the condition itself is a fact that carries some legal significance. Both parts of the test must be met before the exception will apply.").

The State served both Subpoenas in Dallas County. *See, e.g.*, App. A ¶ 3. Consistent with Tex. R. Civ. P. 176.6(e), the Nonparty Patients—many of whom live in Dallas County, and whose responsive medical records are maintained in Dallas County—filed a petition moving for protection "in the county where the subpoena[s] [were] served" (i.e., in Dallas County). App. A ¶ 3. The State subsequently filed pleas to the jurisdiction and in abatement, contending (1) that in the State's role as a voluntary civil plaintiff, sovereign immunity precludes using Texas Rule of Civil Procedure 176.6(e) to challenge its subpoenas, and (2) that petitions seeking protection under Tex. R. Civ. P. 176.6(e) must be abated in favor of the originating trial court, effectively rendering the choice of challenging a subpoena in the county where it was served meaningless.

The Dallas County District Court set a hearing on the Nonparty Patients' request for protection for March 6, 2025. During that hearing, the Dallas County Court heard the State's pleas to the jurisdiction and in abatement, and, after

5

extensive argument, rejected them. The Dallas County District Court then began hearing the Nonparty Patients' motion for protection from the Subpoenas. During argument, the State interrupted the proceedings by announcing that it had filed a notice of interlocutory appeal challenging the Court's jurisdictional rulings and the matter was automatically stayed. *See* App. F at 1 (email from Stone, J.); App. G at 1 (notice of interlocutory appeal). The State thereafter refused to participate in the Dallas County hearing and the Nonparty Patients were unable to have their motion for protection from the Subpoenas adjudicated.

Immediately after ending the Dallas County Court's hearing by filing the notice of interlocutory appeal, counsel for the State, Nonparty Patients, Children's, UT Southwestern, and Dr. Lau participated in a conference call with the trial court in Collin County. On that call, the State insisted that Collin County could move forward and order the hospitals to produce documents under the Subpoenas. The Nonparty Patients vigorously objected. (The State has filed no motion to compel in Collin County, and the Nonparty Patients' request for protection remains pending in Dallas County due to the instant appeal.)

Shortly thereafter, with the Dallas County Court unable to rule on the Nonparty Patients' motion for protection due to the instant interlocutory appeal, the Collin County orally ordered Children's and UT Southwestern to begin preparing for production a subset of the medical records sought in the Subpoenas.

App. D at 1 ("Court amends Feb 28 Order re Roll 1 – orders Childrens/UTSW to continue collection of documents and to be prepared to produce on March 21"). Children's and UT Southwestern are to begin producing the Nonparty Patients' medical records and private health information on March 21. *Id.*

Because such orders would disturb the status quo, violate the automatic stay, and irreparably harm the Nonparty Patients by disclosing their privileged and private medical records, the Nonparty Patients have filed this emergency motion.

## IV. ARGUMENT

The State is wrong that its interlocutory appeal from the Dallas County District Court's jurisdictional order effectively denies the Nonparty Patients the right to the substantive relief they have sought below. Instead, the automatic stay of the proceedings below prevents *any* court from ordering productions under the challenged subpoenas because those subpoenas remain stayed until an order is issued on the Nonparty Patients' motion for protection. *See, e.g.*, *In re Creuzot*, 2024 WL 4784362, at *4 (Tex. App.—Dallas Nov. 14, 2024, no pet.) ("Pursuant to rule 176.6, a motion for protective order stays a request for testimony and production of records until such time as the trial court rules on the motion."); *In re Reed*, 2007 WL 4440901, at *2 (Tex. App—Waco Dec. 19, 2007) (finding trial court's order for production of documents while motion for protection was pending in another district court to be an abuse of discretion). That order must

come from the Dallas County Court as that is the only court where the Nonparty Patients' motion for protection from the Subpoenas is pending. But the Dallas County Court cannot issue such an order until this appeal concludes.[2]

Nonetheless, the State has informed the Collin County trial court by email that it expects this appeal to take at least 6 to 9 months (App. H), and it is insisting that Children's and UT Southwestern must begin producing under the Subpoenas because the State cannot wait that long. Yet *the State* brought this appeal and prioritized it over having an appropriate protective order entered in Dallas County that would allow productions to begin while protecting the Nonparty Patients' privacy and privileges as appropriate under the law. The State cannot use this appeal as a shield to prevent the Nonparty Patients' from having their objections and privileges heard in Dallas County while also using its attendant delay as a sword to justify productions in Collin County during the automatic stay.

---

2 The State has also insisted that Collin County may decide which portions of the Subpoenas Dallas County may adjudicate, including for patients who have not appeared or are otherwise unrepresented. However, as the first court seized with a controversy over the subpoenas, the Dallas County Court must decide how to adjudicate the subpoenas, including (1) which protections should be put into place for documents (such as visit logs) that may identify both represented and unrepresented patients and (2) how to handle the State's admissions that it did not give proper notice of the subpoenas to some patients, including unrepresented patients. App. E. Those issues were squarely before the Dallas County Court before the State filed this interlocutory appeal and accordingly remain automatically stayed in Dallas County until the interlocutory appeal is resolved. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (holding automatic stay cannot be selectively lifted to adjudicate discrete issues).

Given the imminent loss of the Nonparty Patients' procedural rights (to proceed in Dallas County) and substantive rights (to withhold privileged materials) below, this Court should stay any productions by Children's or UT Southwestern under the Subpoenas during the pendency of the appeal. Such orders are appropriate "to preserve the [Nonparty Patients'] rights until disposition of the appeal" (Tex. R. App. P. Rule 29.3) and to "'preserve the status quo' while the appeal proceeds" (*In re State*, 2024 WL 2983176, at *2).

## V. CONCLUSION

This Court should enter an order maintaining the status quo by staying any productions from Children's and UT Southwestern in response to the Subpoenas while this interlocutory appeal is pending. The State filed this interlocutory appeal and caused any attendant delay. The cost of that delay cannot be the Nonparty Patients' procedural and substantive rights asserted below. The Nonparty Patients thus respectfully ask this Court for an order that will maintain the status quo and prevent the imminent and irreparable loss of their medical privacy and privileges.

Dated: March 11, 2025

Respectfully submitted,

 */s/ Jervonne D. Newsome*
Jervonne D. Newsome
Texas Bar No. 24094869
jnewsome@winston.com
Thanh D. Nguyen
Texas Bar No. 24126931

9

tdnguyen@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
wlogan@winston.com
Evan D. Lewis
Texas Bar No. 24116670
edlewis@winston.com
Olivia A. Wogon
Texas Bar No. 24137299
oawogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

**ATTORNEYS FOR
APPELLEES**

**CERTIFICATE OF CONFERENCE**

I hereby certify that consistent with FRAP 10.1(a)(5), counsel for Appellees have made a reasonable to attempt to confer with counsel of Appellants about the merits of this Motion and whether the Appellants oppose this Motion. Counsel for Appellees emailed counsel for Appellants on March 11, 2025, and March 12, 2025, regarding the substance of this Motion. As of this filing, counsel for the Appellants have not responded to either email requesting a position on the relief requested herein. Given the imminent danger to the Nonparty Patients' rights described in this Motion, they can wait no longer for a response from the Appellants and accordingly submit this Motion to the Court for resolution.

/s/ Jervonne D. Newsome
Jervonne D. Newsome
Texas Bar No. 2409489

**CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2025, an electronic copy of this Emergency Motion to Stay Pending Interlocutory Appeal was served to counsel of record for Appellants via electronic service in accordance with Rule 9.5 of the Texas Rules of Appellant Procedure and by email to Appellant's counsel of record as follows:

Johnathan Stone — Johnathan.Stone@oag.texas.gov
Rob Farquaharson — Rob.Farquharson@oag.texas.gov
David Shatto — David.Shatto@oag.texas.gov
Abby Smith — Abby.Smith@oag.texas.gov
Ian Bergstrom — Ian.Bergstrom@oag.texas.gov
Christopher Molak — Christopher.Molak@oag.texas.gov
Amy Pletscher — Amy.Pletscher@oag.texas.gov

/s/ *Jervonne D. Newsome*
Jervonne D. Newsome
Texas Bar No. 2409489

# Appendix A

FILED
3/3/2025 6:36 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Sabrina Applewhite DEPUTY

Cause No. DC-25-01823

| | |
|---|---|
| Nonparty Patient No. 1,<br>Nonparty Patient No. 2,<br>Nonparty Patient No. 3,<br>Nonparty Patient No. 4,<br>Nonparty Patient No. 5,<br>Nonparty Patient No. 6,<br>Nonparty Patient No. 7,<br>Nonparty Patient No. 8,<br>Nonparty Patient No. 9,<br>Nonparty Patient No. 10, and<br>Nonparty Patient No. 11,<br><br>          Plaintiffs,<br><br>   vs.<br><br>The State of Texas,<br><br>          Defendant. | IN THE DISTRICT COURT OF<br><br>DALLAS COUNTY, TEXAS<br><br>95TH JUDICIAL DISTRICT |

**THE NONPARTY PATIENTS' SECOND AMENDED PETITION FOR MOTION FOR PROTECTION FROM DISCOVERY SUBPOENAS**

To the Honorable Judge of this Court:

Pursuant to Texas Rule of Civil Procedure 176.6(e), Plaintiffs ("Nonparty Patients")[1] move for protection from discovery subpoenas (Exhibits A and B) ("Subpoenas") that the State of Texas served on Children's Health System of Texas and UT Southwestern Medical Center ("Hospital Systems"). Ex. C ¶¶ 3–4. Nonparty Patients would respectfully show the Court as follows:

## I. INTRODUCTION

1. The State has brought a lawsuit in the 493rd Judicial District in Collin County, Texas (the "Lau Litigation"), alleging in its Original Petition (attached as Exhibit D) that Dr. May

---

[1] Pursuant to the Collin County District Court's Protective Order § III(F) (attached as Exhibit E), the Nonparty Patients have filed this Motion using a generic reference to avoid disclosing their identities as patients related to that litigation. Ex. C ¶ 5. Consistent with the Protective Order, the Nonparty Patients may be identified *in camera* or as otherwise ordered by the Court. *Id.*

1

C. Lau violated provisions in Senate Bill 14 ("SB14") and engaged in false, misleading, or deceptive acts by providing gender affirming care to teenage patients. Ex. D ¶¶ 23, 43. On Monday, January 27, the State served sweeping Subpoenas in Dallas County on the Hospital Systems, demanding private medical records of 21 individuals, including the Nonparty Patients. Ex. A at 7; Ex. B at 7. The State's requests broadly seek all "documents relating to the care and treatment [of the nonparty]," irrespective of any relevance to the underlying litigation. Ex. A at 7; Ex. B at 7. The non-limiting examples in the State's requests underscore that the Subpoenas are invasive and target sensitive medical records, including psychotherapy notes. Ex. A at 7; Ex. B at 7. Nonparty Patients filed its Petition for Protection from Discovery Subpoenas on February 3, 2025, (Ex. G) and its Amended Petition for Protection from Discovery Subpoenas on February 20, 2025 (Ex. F).

2.        The Texas Rules of Evidence codify a longstanding physician-patient privilege that precludes such discovery. Tex. R. Evid. 509; Tex. R. Evid. 510. This privilege acknowledges that meaningful healthcare requires allowing patients to talk freely with their doctors on sensitive topics without fear of disclosure, or repercussions from the State. *See*, *e.g.*, *R.K. v. Ramirez*, 887 S.W.2d 836, 843 (Tex. 1994) ("The basis for the privileges is twofold: (1) to encourage the full communication necessary for effective treatment, . . . and (2) to prevent unnecessary disclosure of highly personal information."). The State's requests in the Subpoenas—which are untethered to any issue of consequence in the Lau litigation—cannot plausibly satisfy the narrow exceptions to that privilege, and the requests are impermissibly broad, unduly burdensome, and unnecessarily target irrelevant information. The Nonparty Patients have thus filed this Petition in Dallas County, where the Subpoenas were served, seeking protection from the discovery sought.

2

## II.    JURISDICTION

3.    The Court has jurisdiction over this matter under Texas Rules of Civil Procedure 176.6 and 192.6(a). A "[p]erson affected by the subpoena, may move for a protective order under Rule 192.6(b) . . . in a district court in the county where the subpoena was served." Tex. R. Civ. P. 176.6(e). The Nonparty Patients are not parties to the Lau Litigation but are each a nonparty patient about whom the State has sought medical records and other information from the Hospital Systems in the Subpoenas. Ex. C ¶ 2. The Nonparty Patients thus have standing to seek "an order protecting [Movant] from the discovery sought" because each is "a person affected by the subpoena." Tex. Tex. R. Civ. P. 176.6(e); R. Civ. P. 192.6(a). The Hospital Systems were both served the Subpoenas in Dallas County, where this Court is situated, via their common registered agent, CT Corporation System, at 1999 Bryan St, Suite 900, Dallas, TX 75201. Ex. A at 2; Ex. B at 2.

4.    To the extent the State may assert it enjoys sovereign immunity from the Nonparty Patients' petition for protection, it is wrong. "[W]here a state voluntarily files a suit and submits its rights for judicial determination, it will be bound thereby, and the defendants will be entitled to plead and prove all matters properly defensive. This includes the right to make any defense . . . germane to the matter in controversy." *Anderson, Clayton & Co. v. State ex rel. Allred*, 62 S.W.2d 107, 110 (Comm'n App. 1933); *see also Sec. Tr. Co. of Austin v. Lipscomb Cnty.*, 180 S.W.2d 151, 159 (Tex. 1945) ("When the state becomes a party to a suit it is subject to the same rules that govern other parties and a judgment for or against it must be given the same effect as would be given if it were an individual litigant.") (emphasis added); *State v. Zanco's Heirs*, 44 S.W. 527, 529 (Tex. Civ. App. 1898) ("When the state of Texas enters its courts as a litigant, it must be held subject to the same rules that govern other litigants"); *accord In re Google LLC*¸ 2025 WL 258715 (Tex. App.−15th Dist., Jan. 16, 2025, no pet.) (granting mandamus against Attorney General's Office after finding the Office is not protected by sovereign immunity under Rule 199 and noting

3

that "[w]hen interpreting a procedural rule, we first look to the plain language of the rule"). The State has made no showing that it is exempt from the Rules of Procedure. This is unsurprising, because it has no such exemption. Courts in the State of Texas have routinely emphasized this point: "[T]he State is not exempt from these rules of procedure but is subject to them as any other litigant." *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 301 (Tex. 1976); *see also State v. Naylor*, 466 S.W.3d 783, 792 (Tex. 2015) ("where the Legislature has given no indication to the contrary the State must abide by the same rules to which private litigants are beholden"); *see also id.* (Boyd, J., concurring) ("Although the State enjoys unique immunities, it 'is subject to [procedural rules] as any other litigant.'" (citing *Lowe*, 540 S.W.2d at 301).

5. Furthermore, sovereign immunity is an inapplicable framework because its primary justification is to "protect[] the public fisc by shielding tax resources from being diverted to pay litigation costs and money judgments[.]" *Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty. Irrigation District No. 1*, 669 S.W.3d 178, 183 (Tex. 2023). Here, the Nonparty Patients do not seek an entry of a money judgment against the State. They simply seek the protection of their health records.

### III.     BACKGROUND

6. In the Lau Litigation, the State's allegations largely center on Dr. Lau purportedly prescribing medicines to teenage patients, including testosterone. Ex. D ¶ 56. The State alleges that such care became unlawful under SB14 on September 1, 2023. *Id.* ¶¶ 23, 222. The State also alleges that Dr. Lau engaged in false, misleading, or deceptive practices after or around the enactment of SB14, purportedly to mislead pharmacies, insurance providers, or patients into believing that the patients' testosterone treatments were for purposes other than gender-affirming care to circumvent the restrictions in SB14. *Id.* ¶¶ 226–27.

7.     On January 27, 2024, the State served the Subpoenas on the Hospital Systems. Ex. A; Ex. B. The Subpoenas are substantially identical. Ex. A; Ex. B. Each includes the same requests for production for 21 nonparty patients:

> Produce documents relating to the care and treatment of [a patient] …, including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

Ex. A at 7; Ex. B at 7. There are no accompanying instructions or definitions that would limit the requested production in a meaningful way, such as only to materials that would be of legal consequence in the Lau Litigation. The only limitation in time is ambiguous. It is unclear whether the requests are limited to "documents … from January 1, 2021, through present," or whether that timeframe applies only to "correspondence from January 1, 2021, through present." In either event, there is no apparent, meaningful relationship between the nonparty patients' medical records (including highly sensitive materials, like psychotherapy notes) from 2021 or earlier and the State's allegations about Dr. Lau's actions in or around the enactment of SB14 in September 2023.

8.     Despite the obvious gravity of the privacy rights threatened by the Subpoenas for 21 nonparty patients, the State has inexplicably demanded compliance from the Hospital Systems within seven days from when the Subpoenas were served on January 27, 2024 (Ex. A at 5; Ex. B at 5), effectively denying many of the 21 nonparty patients a reasonable opportunity to obtain counsel and seek advice on their legal rights before compliance is due.

## IV.     ARGUMENT AND AUTHORITIES

9.     The Court should enter an order preventing the Hospital Systems from producing the materials sought in the Subpoenas because the State's requests are overly broad, seek irrelevant materials, and demand materials that are protected from disclosure under the Physician-Patient Privilege (Tex. R. Evid. 509) and the Mental Health Information Privilege (Tex. R. Evid. 510). Courts may enter orders protecting individuals from discovery by subpoena to prevent an invasion

5

of personal rights, including privacy and privileges. Tex. R. Civ. P. 192.6(b); Tex. R. Civ. P. 176.6(e), 176.7. Courts also have the authority to limit the scope of discovery based on the needs and circumstances of the case. Tex. R. Civ. P. 192 cmt. 7.

10.     Under the Physician-Patient Privilege, "a patient has a privilege to refuse to disclose and to prevent any other person from disclosing: (1) a confidential communication between a physician and the patient that relates to or was made in connection with any professional services the physician rendered the patient; and (2) a record of the patient's identity, diagnosis, evaluation, or treatment created or maintained by a physician." Tex. R. Evid. 509(c). Similarly, under the Mental Health Information Privilege, "a patient has a privilege to refuse to disclose and to prevent any other person from disclosing: (A) a confidential communication between the patient and a professional; and (B) a record of the patient's identity, diagnosis, evaluation, or treatment that is created or maintained by a professional." Tex. R. Evid. 510(b)(1).

11.     It is self-evident from the State's Subpoenas that the documents sought are subject to the Physician-Patient Privilege and the Mental Health Information Privilege. Each request asks for "document relating to the care and treatment" of the nonparties, such as "medical … records," "psychotherapy notes," and "correspondence" with the nonparty patients, including Movant. Ex. A at 7; Ex. B at 7; Ex. C ¶ 2. Documents relating to the care and treatment of the nonparties, medical records, psychotherapy notes, and correspondence between the Hospital Systems, the nonparty patients, and healthcare providers will necessarily include confidential communications between the nonparty patients and their physicians and/or professionals, along with records of the nonparty patients' identities, diagnoses, evaluations, and treatments that were created or maintained by physicians and/or mental health professionals. *See generally In re Irvin*, No. 05-98-01771-CV,

6

1998 WL 908955, at *4 (Tex. App.—Dallas Dec. 31, 1998, no pet.) (finding abuse of discretion and granting mandamus when district court ordered production of mental health records).

12.     There is no exception to the Physician-Patient Privilege or the Mental Health Information Privilege that would plausibly apply to the broad requests in the Subpoenas. If the State is suggesting that it is entitled to the nonparty patients' medical records because some information therein may be relevant to a party's claim or defense in the Lau Litigation it is wrong. The State's expansive requests cannot fit under such an exception. The exception to the Physician-Patient Privilege and Mental Health Information Privilege that applies when a party relies on a patient's medical condition (often referred to as the "patient-litigant exception") is narrow, particularly for nonparty patients. *See R.K. v. Ramirez*, 887 S.W.2d 836, 843 (Tex. 1994). As the Texas Supreme Court has explained, it is not enough that there are allegations in the lawsuit for which a condition of the nonparty patient may be relevant—rather, "[t]he scope of the exception should be tied in a meaningful way to the legal consequences of the claim or defense." *Id.* at 842.

13.     In other words, for the patient-litigant exception to apply, discovery must be directed to information about a patient's condition that is "a 'part' of a claim or defense," and "must itself be a fact to which the substantive law assigns significance." *Id.* Generally, this means the discovery must be directed to a condition about which "the jury must make a factual determination." *Id.* at 843. Even then, the exception applies "only to the extent necessary to satisfy the discovery needs of the requesting party" when balanced against the privacy interests of the patients and requires *in camera* review of each document so that "any information not meeting this standard remains privileged and must be redacted or otherwise protected." *Id.*

14.     The State's Subpoenas cannot remotely meet this standard. The Subpoenas' requests are not directed to *any* specific condition whatsoever. They are broad requests to entire

7

Hospital Systems for all medical records and psychiatry notes about *any* condition or treatment, without any bounds or guidance based on the underlying lawsuit. Nor are the requests reasonably limited in time. At best, they seek all the Nonparty Patients' medical records, including psychiatry notes, for the past four years. Potentially, they seek all the Nonparty Patients' medical records, including psychiatry notes, since birth. Either way, they are untethered in time and scope from the Lau Litigation, which involves acts around or after SB14 was enacted in September 2023. These requests are thus too broad in scope and time to satisfy the patient-litigant exception. *See R.K.*, 887 S.W.2d at 843 (requiring "the request for records and the records disclosed are closely related in time and scope to the claims made … to avoid any unnecessary incursion into private affairs").

15.     The Court should therefore enter an order protecting the Nonparty Patients from disclosure under the Subpoenas, including because the requests are not restrictively tailored to maintain the privilege for records and communications that would not be subject to the patient-litigant exception, if it applied at all. *See id.*; *c.f. Groves v. Gabriel*, 874 S.W.2d 660, 661 (Tex. 1994) ("However, a trial court's order compelling release of medical records should be restrictively drawn so as to maintain the privilege with respect to records or communications not relevant to the underlying suit.").

16.     Alternatively, if the Court does not enter an order protecting the Nonparty Patients from the Subpoenas in whole, Movant respectfully requests an opportunity to review any proposed productions from the Hospital Systems to evaluate the documents produced for privilege before they are provided to the State. For claims of privilege, "the documents themselves may constitute the only evidence substantiating the claim of privilege." *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986). The Nonparty Patients thus require a reasonable opportunity to review any documents that the Hospital Systems would produce to the State so that they may "segregate

8

and produce the documents to the court" for *in camera* review to ensure that only relevant materials subject to the applicable privilege exception are produced, with appropriate redactions. *See id.* (providing for *in camera* review); *R.K.*, 887 S.W.2d at 843 ("Even when a document includes some information meeting this standard, any information not meeting this standard remains privileged and must be redacted or otherwise protected.") ("[W]hen requested, the trial court must perform an *in camera* inspection of the documents produced to assure that the proper balancing of interests, which we have described, occurs before production is ordered.").

17.     For example, the State has no apparent interest in receiving documents that contain personally identifiable information about the Nonparty Patients, and that information should be redacted in any production. Nor does the State have any apparent interest in the Nonparty Patients' medical records from before SB14 was enacted in September 2023. After all, the State's allegations in the Lau Litigation turn on the actions *after* SB14 became law, and neither the identities of Dr. Lau's patients, nor their medical records and communications before September 2023, are facts of consequence that must be adjudicated.

18.     Apart from the Nonparty Patients' privilege assertions, the requests in the Subpoenas are overbroad, directed to irrelevant information, and not proportional to the needs of the case. For instance, there are no limitations to exclude from production materials unrelated to the allegations against Dr. Lau. The State's expansive requests instead presumably encompass all care the Nonparty Patients have received from any provider affiliated with the Hospital Systems, potentially without any meaningful limitation in time, no matter how attenuated or divorced that care is from the Lau Litigation. The State's requests would potentially encompass, for instance, all unrelated physical and mental healthcare (including communications with providers other than Dr. Lau, emergency room visits, vaccinations, and pharmacy records) at the Hospital Systems,

without any apparent limitation whatsoever to restrict the requests to the subject matter of the Lau Litigation or a relevant timeframe.

19.     Given the extraordinary breadth of the requests and the attendant high likelihood that irrelevant materials would be produced, if the Court does not enter an order protecting the Nonparty Patients from production under the Subpoenas in whole, the Nonparty Patients request the opportunity to review any proposed production for relevance and, if appropriate, request that the Court conduct an *in camera* inspection of materials proposed for production that the Nonparty Patients identify as irrelevant to the Lau Litigation. *See, e.g.*, *Weisel Enterprises*, 718 S.W.2d at 58 (holding *in camera* review appropriate in situations when the documents' contents are the only evidence of discoverability).

## V.     CONCLUSION

20.     The State has overstepped the bounds of permissible nonparty discovery. Its Subpoenas to the Hospital Systems plainly seek materials about the Nonparty Patients that are protected from disclosure under the Physician-Patient Privilege and the Mental Health Information Privilege. The requests are also overbroad, seek irrelevant information, and are not proportional to the needs of the case, as they are not meaningfully restricted in time or subject matter to the allegations underpinning the Lau Litigation. The Court should therefore enter a protective order preventing the Hospital Systems from producing discovery in response to the Subpoenas or, alternatively, provide the Nonparty Patients an opportunity to review any proposed production and segregate documents for *in camera* review for relevance and privilege before they are produced.

## VI.     PRAYER FOR RELIEF

21.     For the foregoing reasons, the Nonparty Patients respectfully request that the Court set this Motion for hearing and, after the hearing, issue an order granting the relief requested herein.

10

**DATED:** March 3, 2025

Respectfully submitted,

*/s/ Jervonne D. Newsome*
Jervonne D. Newsome
Texas Bar No. 24094869
Thanh D. Nguyen
Texas Bar No. 24126931
jnewsome@winston.com
tdnguyen@winston.com
**WINSTON & STRAWN LLP**
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500

William M. Logan
Texas Bar No. 24106214
Evan D. Lewis
Texas Bar No. 24116670
Olivia A. Wogon
Texas Bar No. 24137299wlogan@winston.com
edlewis@winston.com
owogon@winston.com
**WINSTON & STRAWN LLP**
800 Capitol Street, Suite 2400
Houston, TX 77002
Telephone: (713) 651-2600

**ATTORNEYS FOR NONPARTY PATIENTS**

**CERTIFICATE OF CONFERENCE**

Counsel for the Nonparty Patients have personally conferred with the State during two in-person hearings held in Collin County, numerous emails, and several phone calls from February 26, 2025 until today. The Nonparty Patients and the State have substantively discussed every time presented to the Court in this petition for a motion, and despite best efforts, the Nonparty Patients and the State have not been able to resolve the matters presented.

Certified to the Day of March 3, 2025, by:

*/s/ William M. Logan*
William M. Logan
Texas Bar No. 24106214

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2025, an electronic copy of this Second Amended Petition was served on counsel of record via e-service. I also certify that on March 3, 2025, an electronic copy of this notice was served via email to counsel for the State of Texas at the following addresses:

Johnathan Stone — Johnathan.Stone@oag.texas.gov
Matthew Kennedy — Matt.Kennedy@oag.texas.gov
Rob Farquaharson — Rob.Farquharson@oag.texas.gov
David Shatto — David.Shatto@oag.texas.gov

*/s/ Thanh D. Nguyen*
Thanh D. Nguyen
Texas Bar No. 24126931

# Appendix B

## CAUSE NO. 493-07676-2024

| | | |
|---|---|---|
| THE STATE OF TEXAS. | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| MAY C. LAU, M.D. | § | |
| Defendant. | § | 493RD JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Mauricio Segovia** who, being by me duly sworn, deposed and said:

"The following came to hand on **Jan 16, 2025, 11:25 am,**

**STATE'S NOTICE OF SUBPOENA DUCES TECUM, SUBPOENA DUCES TECUM PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 176 AND 205, PROTECTIVE ORDER,**

and was executed at **1999 BRYAN ST SUITE 900, DALLAS, TX 75201** within the county of DALLAS at 12:35 PM on **Thu, Jan 16 2025**, by delivering a true copy to the within named

**CHILDREN'S HEALTH SYSTEM OF TEXAS C/O CT CORPORATION SYSTEM**
**accepted by Intake Specialist William Miller**
Witness Fee $1.00

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Mauricio Segovia
Certification Number: PSC-1689
Certification Expiration: 8/31/2026

**BEFORE ME,** a Notary Public, on this day personally appeared **Mauricio Segovia**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON ___1/16/2025___

Notary Public, State of Texas

MARIA M. SEGOVIA
My Notary ID # 129480220
Expires July 5, 2025

**Cause No. 493-07676-2024**

| | | |
|---|---|---|
| THE STATE OF TEXAS., | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | COLLIN COUNTY, TEXAS |
| | § | |
| MAY C. LAU, M.D., | § | |
| *Defendant.* | § | 493rd JUDICIAL DISTRICT |

## STATE'S NOTICE OF SUBPOENA DUCES TECUM

To:   Children's Health System of Texas c/o CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201

Please take notice that pursuant to Tex. R. Civ. P. 205 gives you 10 days' notice of its intent to serve the attached subpoena duces tecum. The State of Texas has complied with all the requirements in Tex. R. Civ. P. 205.

Please take notice that the Court has entered the attached Protective Order in this matter expressly finding that attestations are not required. *See* Prot. Ord. at 10.

January 16, 2025                          Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

*/s/ Johnathan Stone*
JOHNATHAN STONE
Chief, Consumer Protection Division

State Bar No. 24071779

ROB FARQUHARSON
Assistant Attorney General
State Bar No. 24100550

DAVID SHATTO
Assistant Attorney General
State Bar No. 24104114

Consumer Protection Division
P.O. Box 12548 (MC-010)
Austin, Texas 78711
Johnathan.Stone@oag.texas.gov
Rob.Farquharson@oag.texas.gov
David.shatto@oag.texas.gov
Telephone: (512) 963-2613
Facsimile: (512) 473-8301

**ATTORNEYS FOR TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2025, a copy of the foregoing document was served to all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ Johnathan Stone
JOHNATHAN STONE
Chief, Consumer Protection Division
State Bar No. 24071779

# THE STATE OF TEXAS

## SUBPOENA DUCES TECUM
### PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 176 AND 205

CAUSE NO. 493-07676-2024      IN THE 493rd JUDICIAL DISTRICT COURT OF
COLLIN COUNTY, TEXAS

*State of Texas vs. Defendant May C. Lau, M.D.*

**TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON AUTHORIZED TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN RULE 176 T.R.C.P.**

**YOU ARE HEREBY COMMANDED TO SUMMON** Children's Health System of Texas c/o CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201, to provide documents to the

**Office of the Attorney General**
300 West 15th Street
Austin, Texas 78701

**SAID ABOVE NAMED IS FURTHER COMMANDED** to produce the documents listed in the attachment **WITHIN SEVEN DAYS OF RECEIPT OF THIS SUBPOENA** with an accompanying business records affidavit for inspection and copying during normal business hours at the Office of the Attorney General or send the documents electronically or by certified mail to the Office of the Attorney General, 300 W. 15th Street, 9th Floor, Austin, TX 78701. If providing documents electronically, please provide them to Rozanne Lopez at Rozanne.Lopez@oag.texas.gov.

**FAILURE BY ANY PERSON** without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

**DO NOT FAIL** to return this writ to said Court, with return thereon, showing the manner of execution.

**ISSUED on January 16, 2025,** at the request the request of the State of Texas.

*/s/ Johnathan Stone*
JOHNATHAN STONE
Chief, Consumer Protection Division
State Bar No. 24071779

MATTHEW KENNEDY
Deputy Chief, Consumer Protection Division
State Bar No. 15092619

ROB FARQUHARSON
Assistant Attorney General
State Bar No. 24100550

DAVID SHATTO
Assistant Attorney General
State Bar No. 24104114

Consumer Protection Division
P.O. Box 12548 (MC-010)
Austin, Texas 78711
Johnathan.Stone@oag.texas.gov
Matt.Kennedy@oag.texas.gov
Rob.Farquharson@oag.texas.gov
David.shatto@oag.texas.gov
Telephone: (512) 963-2613
Facsimile: (512) 473-8301

**ATTORNEYS FOR TEXAS**

## SUBPOENA DUCES TECUM—DOCUMENTS REQUESTED

1. Produce documents relating to the care and treatment of ██████████ (DOB: ██████ ██ ), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

2. Produce documents relating to the care and treatment of ████████ (DOB: ██████████ ), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

3. Produce documents relating to the care and treatment of ███████ (DOB: █████████ ), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

4. Produce documents relating to the care and treatment of ██████████ (DOB: ██████ , ████ including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

5. Produce documents relating to the care and treatment of █████████ (DOB: █████████ ████ including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

6. Produce documents relating to the care and treatment of ████████ (DOB: █████████ ), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

7. Produce documents relating to the care and treatment of █████████ (DOB: █████████ ), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

8. Produce documents relating to the care and treatment of ████████ (DOB: █████████ ), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

9. Produce documents relating to the care and treatment of ████████ (DOB: ████████ ), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

10. Produce documents relating to the care and treatment of ███████ (DOB: █████████ ), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

11. Produce documents relating to the care and treatment of ███████ (DOB: █████████ ), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

12. Produce documents relating to the care and treatment of ███████████ (DOB: ████ ████ including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

13. Produce documents relating to the care and treatment of ██████████ (DOB: ████ ████ including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

14. Produce documents relating to the care and treatment of ██████████ (DOB: ████ ████ including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

15. Produce documents relating to the care and treatment of ████████ (DOB: ████ ██████ including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

16. Produce documents relating to the care and treatment of ██████████ (DOB: ████████ including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

17. Produce documents relating to the care and treatment of ████████ (DOB: ██████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

18. Produce documents relating to the care and treatment of ████████ (DOB: ██████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

19. Produce documents relating to the care and treatment of ██████████ (DOB: ██████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

20. Produce documents relating to the care and treatment of ██████████ (DOB: ██████████ including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

21. Produce documents relating to the care and treatment of ██████████ (DOB: ████████ including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

# WITNESS SUBPOENA RETURN

Came to hand the _____ day of _____, 2025, at _____ o'clock, ___ .M. and executed

the _____ day of _____, 2025, at _____ o'clock, ___ .M. by delivering to the within named

_____ in person at _____ in _____

County, TX, a true copy of this Subpoena, and tendering said witness the sum of $_____.

By Deputy: _____, _____ County, TX.

Sheriff/Constable: _____, _____ County, TX.

## OR

By: _____
    Person who is not a party to the suit and is not less than 18 years of age.

## ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS PER RULE 176 T.R.C.P.

I, the undersigned witness named in the Subpoena acknowledge receipt of a copy thereof, and hereby accept service of the attached subpoena, and will appear in said court on said date and time directed in this subpoena.

*Rule 176.8(a) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.*

_____         _____
SIGNATURE                                 DATE

# Appendix C

CAUSE NO. 493-07676-2024

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | COLLIN COUNTY, TEXAS |
| | § | |
| MAY C. LAU, M.D. | § | |
| Defendant. | § | 493RD JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

On this day personally appeared **Mauricio Segovia** who, being by me duly sworn, deposed and said:

"The following came to hand on Jan 16, 2025, 11:25 am,

**STATE'S NOTICE OF SUBPOENA DUCES TECUM, SUBPOENA DUCES TECUM PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 176 AND 205, PROTECTIVE ORDER,**

and was executed at 1999 BRYAN ST SUITE 900, DALLAS, TX 75201 within the county of DALLAS at 12:35 PM on **Thu, Jan 16 2025**, by delivering a true copy to the within named

**UT SOUTHWESTERN MEDICAL CENTER C/O CT CORPORATION SYSTEM**
accepted by Intake Specialist William Miller
Witness Fee $1.00

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

Mauricio Segovia
Certification Number: PSC-1689
Certification Expiration: 8/31/2026

BEFORE ME, a Notary Public, on this day personally appeared **Mauricio Segovia**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON ___1/16/2025___

MARIA M. SEGOVIA
My Notary ID # 129480220
Expires July 5, 2025

Notary Public, State of Texas

**Cause No. 493-07676-2024**

| | | |
|---|---|---|
| THE STATE OF TEXAS., | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | COLLIN COUNTY, TEXAS |
| | § | |
| MAY C. LAU, M.D., | § | |
| *Defendant.* | § | 493rd JUDICIAL DISTRICT |

## STATE'S NOTICE OF SUBPOENA DUCES TECUM

To:   UT Southwestern Medical Center c/o CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201

Please take notice that pursuant to Tex. R. Civ. P. 205 gives you 10 days' notice of its intent to serve the attached subpoena duces tecum. The State of Texas has complied with all the requirements in Tex. R. Civ. P. 205.

Please take notice that the Court has entered the attached Protective Order in this matter expressly finding that attestations are not required. *See* Prot. Ord. at 10.

January 16, 2025

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

*/s/ Johnathan Stone*
JOHNATHAN STONE
Chief, Consumer Protection Division

State Bar No. 24071779

ROB FARQUHARSON
Assistant Attorney General
State Bar No. 24100550

DAVID SHATTO
Assistant Attorney General
State Bar No. 24104114

Consumer Protection Division
P.O. Box 12548 (MC-010)
Austin, Texas 78711
Johnathan.Stone@oag.texas.gov
Rob.Farquharson@oag.texas.gov
David.shatto@oag.texas.gov
Telephone: (512) 963-2613
Facsimile: (512) 473-8301

**ATTORNEYS FOR TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2025, a copy of the foregoing document was served to

all counsel of record in accordance with the Texas Rules of Civil Procedure.

/s/ *Johnathan Stone*
JOHNATHAN STONE
Chief, Consumer Protection Division
State Bar No. 24071779

# THE STATE OF TEXAS

## SUBPOENA DUCES TECUM
## PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE 176 AND 205

CAUSE NO. 493-07676-2024      IN THE 493rd JUDICIAL DISTRICT COURT OF
COLLIN COUNTY, TEXAS

*State of Texas vs. Defendant May C. Lau, M.D.*

**TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON AUTHORIZED TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN RULE 176 T.R.C.P.**

**YOU ARE HEREBY COMMANDED TO SUMMON** Children's Health System of Texas c/o CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, TX 75201, to provide documents to the

**Office of the Attorney General**
300 West 15th Street
Austin, Texas 78701

**SAID ABOVE NAMED IS FURTHER COMMANDED** to produce the documents listed in the attachment **WITHIN SEVEN DAYS OF RECEIPT OF THIS SUBPOENA** with an accompanying business records affidavit for inspection and copying during normal business hours at the Office of the Attorney General or send the documents electronically or by certified mail to the Office of the Attorney General, 300 W. 15th Street, 9th Floor, Austin, TX 78701. If providing documents electronically, please provide them to Rozanne Lopez at Rozanne.Lopez@oag.texas.gov.

**FAILURE BY ANY PERSON** without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.

**DO NOT FAIL** to return this writ to said Court, with return thereon, showing the manner of execution.

**ISSUED on January 16, 2025,** at the request the request of the State of Texas.

/s/ *Johnathan Stone*
JOHNATHAN STONE
Chief, Consumer Protection Division
State Bar No. 24071779

MATTHEW KENNEDY
Deputy Chief, Consumer Protection Division
State Bar No. 15092619

ROB FARQUHARSON
Assistant Attorney General
State Bar No. 24100550

DAVID SHATTO
Assistant Attorney General
State Bar No. 24104114

Consumer Protection Division
P.O. Box 12548 (MC-010)
Austin, Texas 78711
Johnathan.Stone@oag.texas.gov
Matt.Kennedy@oag.texas.gov
Rob.Farquharson@oag.texas.gov
David.shatto@oag.texas.gov
Telephone: (512) 963-2613
Facsimile: (512) 473-8301

**ATTORNEYS FOR TEXAS**

# SUBPOENA DUCES TECUM—DOCUMENTS REQUESTED

1. Produce documents relating to the care and treatment of ███████ (DOB: ████, ███), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

2. Produce documents relating to the care and treatment of ████████ (DOB: █████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

3. Produce documents relating to the care and treatment of ████████ (DOB: █████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

4. Produce documents relating to the care and treatment of █████████ (DOB: █████, ███), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

5. Produce documents relating to the care and treatment of █████████ (DOB: ████████ ███), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

6. Produce documents relating to the care and treatment of ███████ (DOB: █████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

7. Produce documents relating to the care and treatment of ████████ (DOB: █████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

8. Produce documents relating to the care and treatment of ███████ (DOB: █████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

9. Produce documents relating to the care and treatment of ████████ (DOB: ████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

10. Produce documents relating to the care and treatment of ████████ (DOB: █████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

11. Produce documents relating to the care and treatment of ███████ (DOB: █████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

12. Produce documents relating to the care and treatment of ██████████ (DOB: ██████ ██), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

13. Produce documents relating to the care and treatment of ██████████ (DOB: ████ ██), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

14. Produce documents relating to the care and treatment of ████████ (DOB: █████ █████ including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

15. Produce documents relating to the care and treatment of ███████ (DOB: ██████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

16. Produce documents relating to the care and treatment of ██████████ (DOB: ██████ ██), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

17. Produce documents relating to the care and treatment of ████████ (DOB: ████████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

18. Produce documents relating to the care and treatment of ███████ (DOB: ██████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

19. Produce documents relating to the care and treatment of ███████ (DOB: ██████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

20. Produce documents relating to the care and treatment of ██████████ (DOB: ██████████), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

21. Produce documents relating to the care and treatment of ██████████ (DOB: ███████ ██), including medical and billing records, psychotherapy notes, and correspondence from January 1, 2021, through the present.

## WITNESS SUBPOENA RETURN

Came to hand the _____ day of _____, 2025, at _____ o'clock, ___ .M. and executed

the _____ day of _____, 2025, at _____ o'clock, ___ .M. by delivering to the within named

_____ in person at _____ in _____

County, TX, a true copy of this Subpoena, and tendering said witness the sum of $_____.

By Deputy: _____, _____ County, TX.

Sheriff/Constable:_____, _____ County, TX.

**OR**

By:

Person who is not a party to the suit and is not less than 18 years of age.

**ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS PER RULE 176 T.R.C.P.**

I, the undersigned witness named in the Subpoena acknowledge receipt of a copy thereof, and hereby accept service of the attached subpoena, and will appear in said court on said date and time directed in this subpoena.

*Rule 176.8(a) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.*

_____          _____
SIGNATURE                                          DATE

# Appendix D



# *493-07676-2024, The State of Texas vs. May C Lau, M.D.*

TX District & County - Collin District

493rd District Court

This case was retrieved on 03/09/2025

## Header

**Case Number:** 493-07676-2024
**Date Filed:** 10/18/2024
**Date Full Case Retrieved:** 03/09/2025
**Status:** Pending
**Misc:** (78) All Other Civil Cases; Civil

## Summary

 **Case Type**: Civil

## Proceedings

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| 03/05/2025 | | Supplemental | Second Supplement to the Nonparty Patients' Response to the State's Emergency Brief in Support of Oral Motion for Protection |
| 03/05/2025 | | Motion | Nonparty The University of Texas Southwestern Medical Center's Motion for Protective Order |
| 03/07/2025 | | Judge's Docket Entry | Case called for hearing on 3/7 in related case 493-08026-2024 on Cooper Request for Judicial Notice and Motion for Order Restraining Parties from Making Extrajudicial Statements. Appearances stated. Prior to taking up Motion, Court orders Childrens/UTSW to comply with Court's Feb 28 Order re: MTV discovery in this cause; and Court amends Feb 28 Order re: Roll 1 in this cause- orders Childrens/UTSW to continue collection of documents for production and to be prepared to produce on March 21 - no rolling production to occur prior to that date. Court sets remaining outstanding motions in Lau/Cooper for hearing on March 20. |
| 03/20/2025 | | Motion Hearing            (1:15 PM) (Judicial Officer Nowak, Christine) | State's Motion for Protection |
| 03/20/2025 | | Motion Hearing            (1:15 PM) (Judicial Officer Nowak, Christine) | State's Rule 12 Motion |
| 03/20/2025 | | Motion Hearing            (1:15 PM) | |

The State of Texas vs. May C Lau, M.D.

| Date | # | Proceeding Text | Details |
|---|---|---|---|
| | | (Judicial Officer Nowak, Christine) | UTSW Motion for Protection |
| 03/20/2025 | | Motion Hearing          (1:15 PM)<br>(Judicial Officer Nowak, Christine) | Nonparty Patients Expedited Motion for Partial Stay of Production |
| 03/20/2025 | | Motion Hearing          (1:15 PM)<br>(Judicial Officer Nowak, Christine) | Nonparty Patients Motion for Protection re Party Discovery |
| 03/20/2025 | | Motion Hearing          (1:15 PM)<br>(Judicial Officer Nowak, Christine) | Children's Motion for a Protective Order re Requests other than Medical Records |

Copyright © LexisNexis CourtLink, Inc. All Rights Reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

**End of Document**

# Appendix E



NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

**JERVONNE NEWSOME**
2121 N. Pearl St., 9th Floor
Dallas, Texas 75201
+1 214-453-6500
JNewsome@winston.com

**WILLIAM M. LOGAN**
800 Capitol St., Suite 2400
Houston, Texas 77002
+1 713-651-2600
WLogan@winston.com

March 3, 2025

**<u>VIA E-FILE TEXAS</u>**

Hon. Monica Purdy
95th Judicial District Court
George L. Allen, Sr. Courts Building
600 Commerce Street
6th Floor New Tower
Dallas, TX 75202

Re:    *Nonparty Patients No. 1, et al, vs The State of Texas*, Cause No. DC-25-01823

Dear Judge Purdy:

We write in our personal capacity as members of the bar to express a grave concern for the unrepresented patients affected by the State of Texas's subpoenas and requests for production in this matter. Over the course of conferring with the State on behalf of our clients, two of the State's counsel have acknowledged that the State does not have valid addresses for some of the patients whose records have been subpoenaed in this case. To the State's credit, it has acknowledged the notice concern and suggested that it might be able work with the hospital systems toward providing notice now, if the hospital has updated address information.

Texas law requires that patients whose medical records are sought through subpoenas are ***served*** with notice as required under the relevant rule. Tex. R. Civ. P. 205.3(c) ("If a party requests a nonparty to produce medical or mental health records of another nonparty, the requesting party must serve the nonparty whose records are sought with the notice required under this rule.").

As the State does not have current address information for at least some of the patients about whom it is seeking the discovery of medical records, there appears to be an alarming likelihood that at least some of the unrepresented patients who have not appeared in this case may not have received service of the subpoenas and thus may not have had an opportunity to preserve their rights or be heard.


We bring this to the Court's attention as officers of the Court so that it may take any steps it deems appropriate to protect those unrepresented patients who have not appeared and ensure that they have been afforded the notice and due process required under the law.

Sincerely,


/s/William M. Logan                              /s/Jervonne Newsome
William M. Logan                                 Jervonne Newsome


cc:     Counsel of Record via E-File Texas
        Johnathan Stone via email to Johnathan.Stone@oag.texas.gov
        David Shatto via email to David.Shatto@oag.texas.gov
        Matt Kennedy via email to Matt.Kennedy@oag.texas.gov
        Rob Farquharson via email to Rob.Farquharson@oag.texas.gov

# Appendix F

**From:** Johnathan Stone <Johnathan.Stone@oag.texas.gov>
**Sent:** Thursday, March 6, 2025 5:49 PM
**To:** Nguyen, Thanh D.; kalonzo@dallascourts.org; Logan, William; Holland, Anika; Sutker, Cory; 'David Walsh'; David Shatto; Priyanka Thomas
**Cc:** Rob Farquharson; Newsome, Jervonne D.; Abby Smith; Emily Samuels; Pauline Sisson; 'Smyser, Craig'; 'Wolf, Alex'; 'Nicole LeBoeuf'; 'Legg, W. Henry'; WFG_DrCooper; Packman, Zoe; 'Avi Moshenberg'; 'Padley, Drew'; 'Amy Ooi'; Agnolucci, Simona; Dyer, Barrington; Cooper, Jackie; nonparty-patient-counsel
**Subject:** RE: Nonparty Patient No. 1 v. State - Proposed Order
**Attachments:** 20250306_OAG's Notice of Appeal_Final.pdf

Attached is the Notice of Appeal that was filed mid-hearing that immediately and automatically stayed proceedings pursuant to Tex. Civ. Prac. & Rem. Code § 51.014(a)(8), (b). Thanks.

Kind regards,

**Johnathan Stone**
Chief
Consumer Protection Division
Office of the Attorney General of Texas
Telephone: (512) 936-2613
Johnathan.Stone@oag.texas.gov

This is a confidential communication and intended for the addressee(s) only. Any unauthorized interception or disclosure of this transmission is prohibited pursuant to Tex. Gov't Code Ch. 552. If you are not the intended recipient of this message, please notify the sender and destroy this and all copies of this communication. Thank you.

---

**From:** Nguyen, Thanh D. <TDNguyen@winston.com>
**Sent:** Thursday, March 6, 2025 4:43 PM
**To:** kalonzo@dallascourts.org; Logan, William <WLogan@winston.com>; Holland, Anika <AHolland@willkie.com>; Sutker, Cory <Cory.Sutker@cooperscully.com>; 'David Walsh' <dwalsh@kaktxlaw.com>; David Shatto <David.Shatto@oag.texas.gov>; Priyanka Thomas <pthomas@kaktxlaw.com>
**Cc:** Rob Farquharson <Rob.Farquharson@oag.texas.gov>; Johnathan Stone <Johnathan.Stone@oag.texas.gov>; Newsome, Jervonne D. <JNewsome@winston.com>; Abby Smith <Abby.Smith@oag.texas.gov>; Emily Samuels <Emily.Samuels@oag.texas.gov>; Pauline Sisson <Pauline.Sisson@oag.texas.gov>; 'Smyser, Craig' <csmyser@steptoe.com>; 'Wolf, Alex' <awolf@steptoe.com>; 'Nicole LeBoeuf' <nicole@leboeuflaw.com>; 'Legg, W. Henry' <wlegg@steptoe.com>; WFG_DrCooper <WFG_DrCooper@willkie.com>; Packman, Zoe <ZPackman@willkie.com>; 'Avi Moshenberg' <avi.moshenberg@lmbusinesslaw.com>; 'Padley, Drew' <dpadley@steptoe.com>; 'Amy Ooi' <amy@leboeuflaw.com>; Agnolucci, Simona <SAgnolucci@willkie.com>; Dyer, Barrington <BDyer@willkie.com>; Cooper, Jackie <Jackie.Cooper@cooperscully.com>; nonparty-patient-counsel <nonparty-patient-counsel@winston.com>
**Subject:** Nonparty Patient No. 1 v. State - Proposed Order

Good afternoon, Ms. Alonzo,

We have just filed the attached proposed order. As Judge Purdy instructed, I am sending a copy to you, with counsel for the State and other interested entities cc'd. If I have inadvertently missed anybody, please let me know.

Thank you,
Thanh


**Thanh D. Nguyen**

**Associate Attorney**

Winston & Strawn LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201

D: +1 214-296-9845

Email | winston.com

*Pronouns: He, Him, His*



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

# Appendix G

Cause No. DC-25-01823

| | | |
|---|---|---|
| Nonparty Patient No. 1, | § | IN THE DISTRICT COURT OF |
| Nonparty Patient No. 2, | § | |
| Nonparty Patient No. 3, | § | |
| Nonparty Patient No. 4, | § | |
| Nonparty Patient No. 5, | § | |
| Nonparty Patient No. 6, | § | |
| Nonparty Patient No. 7, and | § | DALLAS COUNTY, TEXAS |
| Nonparty Patient No. 8, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| The State of Texas, | § | |
| *Defendant*. | § | 95TH JUDICIAL DISTRICT |

## THE STATE OF TEXAS'S NOTICE OF APPEAL

Pursuant to Texas Rules of Appellate Procedure 25.1(a) and 26.1(b), Defendant the State of Texas gives notice of an appeal of the trial court's oral denial of Defendants' Plea to the Jurisdiction and Plea in Abatement on March 6, 2025.

The State is entitled to an interlocutory appeal pursuant to Civil Practice and Remedies Code § 51.014(a)(8), which allows for an immediate appeal from an order that denies a plea to the jurisdiction.

The State appeals to the Fifteenth Court of Appeals. This is an accelerated appeal as provided by Texas Rule of Appellate Procedure 28.1. This is not a parental termination or child protection case, as defined in Rule 28.4.

**Pursuant to Texas Civil Practice and Remedies Code § 51.014(b), all further proceedings in this court are stayed pending resolution of the State's appeal.** This interlocutory appeal meets all the prerequisites for the automatic stay to apply. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8), (b), (c)(1). Pursuant to Tex. Civ. Prac. & Rem. Code § 6.001, as

governmental officers, Defendants are not required to file a supersedeas bond for court costs. The State's appeal is therefore perfected upon the filing of the notice of appeal.

Dated: March 6, 2025

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

*/s/ Johnathan Stone*
JOHNATHAN STONE
Chief, Consumer Protection Division
State Bar No. 24071779

ROB FARQUHARSON
Assistant Attorney General
State Bar No. 24100550

Consumer Protection Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711
Johnathan.Stone@oag.texas.gov
Rob.Farquharson@oag.texas.gov
Telephone: (512) 463-2185
Facsimile: (512) 473-8301

**ATTORNEYS FOR TEXAS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 6th day of March 2025, a copy of the foregoing document was served to all counsel of record in accordance with the Texas Rules of Civil Procedure.

*/s/ Johnathan Stone*
JOHNATHAN STONE
Chief, Consumer Protection Division
State Bar No. 24071779

# Appendix H

**From:** Rob Farquharson <Rob.Farquharson@oag.texas.gov>
**Sent:** Friday, March 7, 2025 9:54 AM
**To:** District Court 493rd .; Amy Patterson
**Cc:** WFG_DrCooper; Avi Moshenberg; David Shatto; Johnathan Stone; Abby Smith; Kimberly Gdula; Brianna Krominga; David Walsh; Sutker, Cory; Cooper, Jackie; Wolf, Alex; Lascano, Julie; Newsome, Jervonne D.; Logan, William
**Subject:** Lau/Cooper 15 COA Timeline

Ms. Patterson:

I spoke to the Clerk of the 15th Court of Appeals this morning.

It sounds like the quickest potential for a written opinion on Dallas County's ruling is 6 months. This assumes that the parties agree to expedited briefing and no oral argument is needed. If the parties cannot agree to an expedited schedule (or the Court does not otherwise enter one), and oral argument is needed, we will be looking at something more like 6-9 months.

All the best,

Rob



Rob Farquharson
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Texas

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lucy Fowler on behalf of Jervonne Newsome
Bar No. 24094869
LFowler@winston.com
Envelope ID: 98334651
Filing Code Description: Motion for Emergency Relief
Filing Description: NONPARTY PATIENTS' EMERGENCY MOTION TO STAY DISCOVERY PENDING INTERLOCUTORY APPEAL
Status as of 3/11/2025 4:22 PM CST

Associated Case Party: State of Texas

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David G. Shatto | | david.shatto@oag.texas.gov | 3/11/2025 4:08:43 PM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 3/11/2025 4:08:43 PM | SENT |
| Abby Smith | | abby.smith@oag.texas.gov | 3/11/2025 4:08:43 PM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 3/11/2025 4:08:43 PM | SENT |
| Ian Bergstrom | | Ian.Bergstrom@oag.texas.gov | 3/11/2025 4:08:43 PM | SENT |
| Christopher Molak | | christopher.molak@oag.texas.gov | 3/11/2025 4:08:43 PM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 3/11/2025 4:08:43 PM | SENT |

Associated Case Party: Nonparty Patient No. 1

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William Logan | 24106214 | wlogan@winston.com | 3/11/2025 4:08:43 PM | SENT |
| Evan Lewis | 24116670 | edlewis@winston.com | 3/11/2025 4:08:43 PM | SENT |
| Jervonne Newsome | 24094869 | jnewsome@winston.com | 3/11/2025 4:08:43 PM | SENT |
| Thanh Nguyen | | tdnguyen@winston.com | 3/11/2025 4:08:43 PM | SENT |
| Olivia Wogon | | owogon@winston.com | 3/11/2025 4:08:43 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Walsh | 791874 | dwalsh@katxlaw.com | 3/11/2025 4:08:43 PM | SENT |
| Pauline Sisson | | pauline.sisson@oag.texas.gov | 3/11/2025 4:08:43 PM | SENT |
| David Phillips | | DPhillips@winston.com | 3/11/2025 4:08:43 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lucy Fowler on behalf of Jervonne Newsome
Bar No. 24094869
LFowler@winston.com
Envelope ID: 98334651
Filing Code Description: Motion for Emergency Relief
Filing Description: NONPARTY PATIENTS' EMERGENCY MOTION TO STAY DISCOVERY PENDING INTERLOCUTORY APPEAL
Status as of 3/11/2025 4:22 PM CST

Case Contacts

| David Phillips | | DPhillips@winston.com | 3/11/2025 4:08:43 PM | SENT |
|---|---|---|---|---|
| Emily Samuels | | emily.samuels@oag.texas.gov | 3/11/2025 4:08:43 PM | SENT |
| Melinda Pate | | melinda.pate@oag.texas.gov | 3/11/2025 4:08:43 PM | SENT |
| Jamie Vargo | | JVargo@winston.com | 3/11/2025 4:08:43 PM | SENT |
| Houston Docket | | ecf_houston@winston.com | 3/11/2025 4:08:43 PM | SENT |